**224 A.2d 312.**

ROB M. ROBIN *vs.* ANTHONY CAPUTI.

NATALIE ROBIN *vs.* ANTHONY CAPUTI.

NOVEMBER 23, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. These petitions for certiorari were brought to review the decision of a justice of the superior court allowing the respondents here, Rob M. Robin and Natalie Robin, to file a third amended declaration as the plaintiffs in two civil actions pending in the superior court and in denying the motions of the instant petitioner, Anthony Caputi, hereinafter referred to as the defendant, for the entry of judgment in each of said actions. We issued the writs and in compliance therewith the pertinent papers have been certified to this court.

It appears that Rob M. Robin and Natalie Robin, the plaintiffs in the actions below and hereinafter referred to as plaintiffs, instituted these civil actions in 1962 seeking damages for alleged medical malpractice. The defendant's demurrers to the original declarations and the first amended declarations were sustained, and thereafter second amended declarations were filed. The defendant's demurrers to the second amended declarations were sustained on November 15, 1965, and the trial justice granted plaintiffs leave to file third amended declarations within a period of thirty days.

The record discloses that the third amended declarations were not filed within the thirty-day period fixed by the trial justice but were filed on February 28, 1966 at the same time that defendant's motion for entry of judgment was heard in each case. At a hearing on March 11, 1966 the trial justice allowed the filing of the third amended declarations and denied defendant's motions for entry of judgment. The defendant, contending that the trial justice exceeded his authority by so acting, brought these petitions for certiorari to review those decisions.

In this court defendant argues that upon the expiration of the thirty-day period allowed for the filing of the third amended declarations without the same having been filed, judgment entered in each case for him by operation of law.

On that basis, he continues, the trial court was without authority to permit such third amended declarations thereafter to be filed. He relies on G. L. 1956, §9-21-1, which reads in pertinent part: "* * * and in all other answered cases, in any court, judgment shall be entered on the seventh day following the day of the rendition of the verdict or the decision of the court, unless some motion operating as a stay be filed * * *."

The defendant concedes that the allowance of a thirty-day period for the filing had the effect of staying entry of judgment within contemplation of the above statutory provisions but argues that with the expiration of that period without the declarations having been filed, the stay was as a matter of law dissolved. Therefore, there being no stay in effect, judgment entered by operation of law as of the day of the court's decision sustaining his demurrers.

In pressing this argument defendant relies on *Wahl* v. *Krikorian,* 84 R. I. 334, wherein this court held that no stay was in effect and that judgment had entered as a matter of law. However, in that case the stay that had been in effect arose out of the allowance of time to file a further amended declaration which had been filed but was subsequently vacated by the action of the trial justice in granting the defendant's motion to strike the latter declaration. This, as the court noted, caused the action to revert to its previous status with no pleading existing that would operate to stay the entry of judgment.

In the instant case, however, the stay inhered in the allowance of the thirty-day period and had not been vacated by any action of the court. The vacation of that stay was subject to the court's discretion at the time that defendant's motion for entry of judgment was set down for hearing, namely, on March 11. At that time, however, the court refused, in effect, to vacate the stay by allowing the filing of the third amended declaration as of February 28.

It is our opinion then that the situation in the instant cases is entirely unlike that in *Wahl* v. *Krikorian, supra.*

Because we take this view, we are constrained to conclude that the matter of allowing the amended declarations to be filed out of time was one within the sound discretion of the trial justice. We perceive nothing in the record which discloses any abuse of that discretion, and, in our opinion, no error inhered in either of the rulings of the trial justice.

Each petition for certiorari is denied and dismissed, the writs heretofore issued are quashed, and the papers in each case are ordered returned to the superior court with our decision endorsed thereon.

*Herbert Katz,* for plaintiffs Rob M. Robin and Natalie Robin (respondents in certiorari).

*Jordan, Hanson & Curran, Kirk Hanson, A. Lauriston Parks,* for defendant Anthony Caputi (petitioner in certiorari).